# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| PATRICK ROETHER; and HOLLIE ROETHER, | * * * |
| Plaintiffs, | * CIVIL ACTION NO.: 2:21-cv-83 |
| v. | * * |
| STATE OF GEORGIA, et al., | * * |
| Defendants. | * |

## ORDER

Before the Court is Plaintiffs' Motion for Reconsideration of the Court's December 6, 2021 Order overruling Plaintiffs' objection to the Magistrate Judge's Orders regarding Plaintiffs' motion for e-filing access. Dkt. No. 52.

Rule 60(b) provides a court may relieve a party from judgment in a limited number of circumstances, including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1)-(5). Additionally, the catchall provision of Rule 60(b) authorizes relief from judgment based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

AO 72A
(Rev. 8/82)

The decision whether to grant relief under this provision is within the sound discretion of the district court. Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1131-32 (11th Cir. 1986). In exercising that discretion, the Court must take into consideration the interest of efficient judicial administration. Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 397-98 (1993)). A motion for reconsideration "is not an opportunity for the moving party to instruct the court on how the court could have done it better the first time." Jerawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999) (internal quotations and citations omitted). Nor is it an appropriate vehicle to "present authorities available at the time of the first decision or to reiterate arguments previously made." Burger King Corp. v. Hinton, Inc., No. 01-2249-CIV, 2002 WL 31059465, at *1 (S.D. Fla. July 19, 2002). When a party bases its motion to reconsider on previously unsubmitted evidence, "the court should not grant the motion absent a showing that the evidence was not available during the pendency of the case." M.G. v. St. Lucie Cnty. Sch. Bd., 741 F.3d 1260, 1262 (11th Cir. 2014) (internal quotations and alterations omitted).

Plaintiffs Motion for Reconsideration is due to be denied. Plaintiffs argue the Court's rulings denying their motion

seeking e-filing access violate their Fourteenth Amendment rights. Dkt. No. 52. Plaintiffs' arguments are without merit. First, the Fourteenth Amendment does not apply to the federal government and, instead, only applies to the states. Jones v. Mnuchin, 529 F. Supp. 3d 1370, 1377 (S.D. Ga. 2021). Furthermore, Plaintiffs' full faith and credit argument is wholly conclusory and without any merit. The Court has not prohibited Plaintiffs from e-filing in the Middle District of Tennessee; instead, it has merely regulated how Plaintiffs may file *in this Court*. Thus, Plaintiffs have provided no reason to disturb its previous Orders. Accordingly, the Court **DENIES** Plaintiffs' Motion for Reconsideration.

   **SO ORDERED**, this ___27___ day of ___December___, 2021.

   _____
   HON. LISA GODBEY WOOD, JUDGE
   UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)