# In the United States District Court for the Southern District of Georgia Brunswick Division

```
PATRICK ROETHER, and
HOLLIE ROETHER,

    Plaintiffs,
                                        221-cv-083
    v.

STATE OF GEORGIA,
STATE OF TENNESSEE,
COUNTY OF McINTOSH, TN,
McINTOSH COUNTY DEPARTMENT OF
FAMILY AND CHILD SERVICES,
COUNTY OF BENTON, TN,
COUNTY OF HOUSTON, TN,
COUNTY OF CARROLL, TN,
CHRISTINE LAMBRIGHT, in her
capacity as Deputy Sheriff of
Benton County,
STEVE JESSUP, in his capacity
as Sheriff of McIntosh County,
CHRISTOPHER CHAPMAN, in his
capacity as Deputy Sheriff of
McIntosh County,
ALLEN PERRY, in his capacity
as Deputy Sheriff of McIntosh
County,
VICKY LEE, in her capacity as
Deputy Sheriff of McIntosh
County,
ALICIA GRAY,
JAMES CHAMBERLIN
SGMC YOUTHCARE
JOHN LEDWICH, III, CPNP,
DR. DANIEL B. COLLIPP, D.O.,
ANDY DICKSON, in his capacity
as Sheriff of Carroll County,
KEVIN SUGG, in his capacity as
Sheriff of Houston County,
MATTHEW STOWE,
```

```
CHRISTY BALBO, in her capacity
as Judge of McIntosh County
Juvenile Court,
MOLLY McILVAINE,
MELISSA GONZALEZ,
BRENNAN,
GEORGIA DEPARTMENT HUMAN
SERVICES,
GEORGIA DEPARTMENT OF RISK
MANAGEMENT,
GEORGIA DEPARTMENT OF HEALTH
AND HUMAN SERVICES,
BRANTLEY COUNTY, GA,
LEE DAVIS,
ISABELLA AMOR,
WADE BENNETT,
JOHN SIMPSON,
OFFICE OF THE SHERIFF OF
McINTOSH COUNTY, GA,
OFFICE OF THE SHERIFF OF
BENTON COUNTY, TN,
OFFICE OF THE SHERIFF OF
CARROLL COUNTY, TN,
OFFICE OF THE SHERIFF OF
HOUSTON COUNTY, TN,
OFFICE OF THE SHERIFF OF
BRANTLEY COUNTY, GA,
COL. DANNY LOWE, and
DOES 1-100,

     Defendants.
```

## **ORDER**

Before the Court are ten different motions to dismiss, filed by, in order of filing:

1) Defendants Brantley County, Wade Bennett, and John Simpson, dkt. no. 15,

2) South Georgia Medical Center ("SGMC") Youthcare, dkt. no. 34,

2

3) John Ledwitch,[1] III, CPNP, dkt. no. 36,

4) Len Davis, dkt. no. 38,

5) Steve Jessup, the Office of the Sheriff of McIntosh County, Christopher Chapman, Letatia Brennon, Allen Perry, Destiny Gonzalez, Vicky Lee, Danny Lowe, and McIntosh County, dkt. no. 41,

6) James Chamberlin, Molly McIlvaine, and Christy Balbo, dkt. no. 42,

7) The State of Georgia, Georgia Department of Human Services ("DHS"), Georgia Department of Risk Management,[2] the Georgia Department of Health and Human Services Division of Family and Children Services[3] ("DFCS"), and McIntosh County DFCS (collectively, the "Georgia State Defendants"), dkt. no. 136,

---

[1] Defendant Ledwitch notes the "Ledwich" title is a misnomer, and his name is spelled "Ledwitch." Dkt. No. 36 at 1. The Court thus uses "Ledwitch" in referring to this defendant.

[2] The state of Georgia has a Risk Management Services Division within the Georgia Department of Administrative Services ("DOAS"), but no Department of Risk Management. As noted by the Georgia State Defendants, see dkt. no. 136 at 1 n.1, this is likely who Plaintiffs meant to sue, and the Court will presume as much barring evidence from Plaintiffs as to the existence of the "Department of Risk Management."

[3] Again, the state of Georgia has a Department of Family and Children Services within DHS, but no Division of Family and Children Services. The Court will presume this is who Plaintiffs meant to sue, as above. See Dkt. No. 136 at 1 n.2.

8) The State of Tennessee and District Attorney General Matthew Stowe, dkt. no. 147,

9) Carroll County, TN, Carroll County Sheriff's Department, Sheriff Andy Dickson, Houston County, TN, Houston County Sheriff's Department, and Sheriff Kevin Sugg, dkt. no. 156, and

10) Benton County, TN, Benton County Sheriff's Department, Sheriff Kenny Christopher, Christina Lambright, and Alan Bolan, dkt. no. 157.

Also before the Court are Plaintiffs' motions to transfer. Dkt. No. 66. For the following reasons, Plaintiffs are **ORDERED** to replead their claims, and thus Defendants' motions to dismiss are **DENIED** at this time. Plaintiffs' motions to transfer are also **DENIED**.

## BACKGROUND

Plaintiffs have filed a ninety-three-page, 355 paragraph complaint against forty named defendants and one hundred Jane and/or John Does. Dkt. No. 1.

In essence, Plaintiffs' complaint tells a winding story of how both Plaintiffs were arrested at different points, and their two children, LR and YR, were taken from them and placed in foster care without Plaintiffs' consent. Id. ¶¶ 60-94 (first arrest of both Plaintiffs and initial placement and treatment of LR and YR

in McIntosh County). Plaintiffs also make allegations of "torture" while Plaintiff Hollie Roether was detained. Id. 95-103 (torture allegations), 101-173 (Hollie Roether's arrest and detainment in McIntosh County).

In addition, Plaintiffs' complaint includes allegations against Isabella Amor, a private individual, and officials in Brantley County, Georgia. Id. at 183-232. Specifically, Plaintiffs allege that Ms. Amor attempted to store some of her belongings at Plaintiffs' rental property, to which Plaintiffs consented. Id. ¶¶ 183-194.

Upon notification from the owner that the rental property was being sold and all belongings needed to be removed, Plaintiffs sought, and failed, to have Ms. Amor remove her belongings. Id. ¶¶ 195-199, 203-204. When Ms. Amor failed to retrieve her belongings, Plaintiffs brought them outside, covered them with a tarp and left them for Ms. Amor to retrieve herself. Id. ¶ 205. Ms. Amor then accused Plaintiffs of destroying her property and filed charges against them for criminal damage to property in the second degree. Id. at 208-223. Plaintiff Patrick Roether was arrested on this charge and brought before a judge for a bond hearing that same day, but he was allegedly denied the opportunity to call witnesses, access the allegations against him, or confront

his accuser. Id. ¶ 228. The complaint then lists a series of threatening and harassing acts by Ms. Amor. Id. ¶¶ 229-32.

Plaintiffs have made numerous allegations that their rights were violated, including claims under 42 U.S.C. § 1983, id. ¶¶ 253-341, tort claims under Georgia and Tennessee law, id. ¶¶ 342-45, and what appears to be constitutional claims under Georgia and federal law, id. ¶¶ 346-53.

Defendants have filed motions to dismiss on a number of grounds, see, e.g., dkt. nos. 34-1 at 4-6 (SGMC seeking dismissal pursuant to O.C.G.A § 9-11-9.1), 41 at 7 (McIntosh County Defendants seeking dismissal due to lack of service of process), 136-1 at 8 (Georgia State Defendants arguing sovereign immunity bars claims against them), and several Defendants have sought to dismiss Plaintiffs' complaint without prejudice on grounds that it is a shotgun pleading. See Dkt. Nos. 15 at 9, 36 at 15, 41 at 8, 42 at 6, 156-1 at 11-12. The complaint most certainly is a shotgun pleading. The Court will allow Plaintiffs one opportunity to cure the defects. If they fail to do so in the allotted time, the complaint will be dismissed.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint, in order to state a claim for relief, contain "a short and plain statement of the claim showing that the pleader is

6

entitled to relief." To that end, the rules also prescribe a particular form for pleadings. Federal Rule of Civil Procedure 10(b) provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. For this reason, "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings" as "[t]hey waste scarce judicial resources, 'inexorably broaden[] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[] the public's respect for the courts.'" Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted); see also Barmapov v. Amuial, 986 F.3d 1321, 1329 (11th Cir. 2021) (Tjoflat, J., concurring).

The Eleventh Circuit has described four main types or categories of shotgun pleadings. The first type is a complaint containing "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland, 792 F.3d at 1321. The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third is "one that commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1323. Finally, the fourth type is a complaint that contains "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

Furthermore, the Eleventh Circuit has explained that "[a] district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." Vibe, 878 F.3d at 1295 (quoting Weiland, 792 F. 3d at 1320). Indeed, "[w]hen a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds."

8

Id. at 1296. In so doing, "the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." Id. And when, as here, "a pro se plaintiff files a shotgun pleading, a court 'should strike the [pleading] and instruct [plaintiff] to replead the case—if [plaintiff] could in good faith make the representations required by Fed. R. Civ. P. 11(b).'" Shaw v. Scerbo, No. 2:22-cv-00105, 2022 WL 888921, at *2 (M.D. Fla. Mar. 25, 2022) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1133 n. 113 (11th Cir. 2001), abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011)).

**DISCUSSION**

**I. Defendants' Motions to Dismiss**

After reviewing Plaintiffs' complaint, the Court finds the complaint is a shotgun pleading. Plaintiffs' complaint commits three of the four "sins" of shotgun pleadings: it 1) contains multiple counts adopting the allegations of all preceding counts, 2) contains several conclusory, vague, and immaterial facts not connected with any cause of action, and 3) sets forth multiple causes of action under single counts.

First, every count in Plaintiffs' complaint adopts the allegations of all preceding counts, making it to understand what is, or is not, being alleged against Defendants. See Dkt. No. 1

9

at 53, 57, 59, 61, 64, 66, 68, 72, 88, 91. At each juncture, Plaintiffs state the following: "Plaintiffs incorporate the above allegations of fact and law as though fully set forth herein including 1-[immediately preceding paragraph] and Jurisdiction." Id. at 91. Plaintiffs commit this "mortal sin of re-alleging all preceding counts" by including allegations of fact that are immaterial to particular counts but material to others, leaving Defendants guessing as to what causes of action they must respond. Weiland, 792 F.3d at 1322. For example—facts referencing events occurring in Tennessee are likely not material to Plaintiffs' counts against Defendants in Brantley County, Georgia, but this is far from certain. Compare id. ¶¶ 110-157 (some of the events in Tennessee), with id. at 68-71 (Count Seven against some of the Brantley County Defendants). Plaintiffs, as the masters of their own complaint, have the power and duty to clarify these types of issues.

Second, Plaintiffs' complaint includes a multitude of immaterial, and at times irrelevant, facts not clearly connected with any cause of action alleged. For example, paragraphs 52 and 53 discuss Plaintiffs' family's penchant to rest on the Sabbath, and paragraph 54 alleges a particularly immaterial set of facts:

> Shortly after 6:10 p.m. Patrick heard the dogs barking and L.R. became quiet. Patrick and Hollie went outside in search of L.R. but could not find her. Patrick called

10

> elder EJ on the phone around 6:34 p.m. and proceeded to get into the truck and drove out of the driveway when he ran over a water bottle that went woosh from being filled with water. This water bottle was not there the previous day when Patrick parked the truck.

Id. ¶ 54. The significance of the water bottle is unclear, and it is not mentioned again in Plaintiffs' complaint. The rest of the complaint is similarly "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland, 792 F.3d at 1322. A complaint where the reader "must speculate as to which factual allegations pertain to which count," much less where the reader must speculate as to which pertain to *any* count, has been found time and again to be a shotgun pleading in the Eleventh Circuit. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1359 n.9 (11th Cir. 1997); see also Pelletier v. Zweifel, 921 F.2d 1465, 1518 (11th Cir. 1991) ("[Plaintiff's complaints] are quintessential 'shotgun' pleadings, replete with factual allegations that could not possibly be material to any of the causes of actions they assert."). The complaint is neither short nor plain. To the contrary, it is notably long and inexplicably adorned with vague and immaterial facts.

Third, Plaintiffs' complaint sets forth multiple causes of action or claims for relief under single counts. Bickerstaff Clay Prods. Co. v. Harris Cnty., 89 F.3d 1481, 1485 n.4 (11th Cir. 1996). For example, "Count Four" of the complaint is nested within

11

Plaintiffs' "first claim," which alleges violations under 42 U.S.C. § 1983, see dkt. no. 1 at 53, but the count itself alleges "procedural due process, unlawful entry on property, invasion of privacy, and failure to intercede" violations. Id. at 61. These violations, according to the complaint, appear to be founded in both Georgia and federal law, see id. ¶¶ 262, 264-68. But Plaintiffs do not clearly indicate which state law claims they assert. Id. ¶ 262. This pattern continues throughout other portions of the complaint, see, e.g., id. ¶¶ 282-92 (count seven). These poorly identified and delineated counts make it difficult to know what specific causes of action are being asserted against Defendants.

The appropriate measure for a shotgun pleading is generally to provide Plaintiffs with a chance to replead their claims. See Vibe, 878 F.3d at 1296; Byrne, 261 F.3d at 1133 n.113. Plaintiffs may wish to consult "Filing Without an Attorney" resources available on filing a pro se complaint that are provided on the Court's website, at https://www.gasd.uscourts.gov/filing-without-attorney. The website provides guidelines for filing, a form for filing a pro se complaint (if Plaintiffs wish to use it instead of the current format of their complaint), and other forms which provide instructions to pro se plaintiffs.

Finally, some general instructions: Plaintiffs' amended complaint 1) must assert only relevant allegations of fact and law in each count of their complaint and explain their connection to each defendant, 2) clearly identify the specific defendants against whom each claim is asserted, 3) avoid vague, generalized, conclusory, and contradictory assertions, and 4) avoid incorporating prior counts into those which follow.

## II.  Plaintiffs' Motion to Transfer

Plaintiffs seek, under Local Rule 2.3, to transfer their case to the United States Supreme Court, or to the Middle District of Georgia, the Middle District of Tennessee, or the Western District of Tennessee.  Dkt. No. 66 at 1.[4] Defendant Ledwitch opposes this transfer.  Dkt. No. 84. Because the challenged conduct largely takes place in the Southern District of Georgia, and the most convenient venue for many of these events is the Brunswick division, this motion is **DENIED**.

Local Rule 2.3 states "by Order of the Court, any civil action may be transferred for trial to any other place or division within the district."  Of course, while Plaintiffs argue Local Rule 2.3 as the basis for their motion, this rule governs transfer of a case to another division *within the same judicial district*, but

---

[4] Plaintiffs have filed a second motion to transfer, dkt. no. 232, which is not yet ripe for decision.  The Court will address that motion in due course.

13

Plaintiffs seek to transfer the case to another judicial district altogether. See Dkt. No. 66 at 1. It does not govern transfer to another judicial district—28 U.S.C. § 1404(a) does. As such, the Court will construe their motion as a motion to transfer venue under 28 U.S.C. § 1404(a), which contemplates transfer both to another division and to another district.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) provides a district court with this discretion to transfer "according to an 'individualized, case-by-case consideration of convenience and fairness.' A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). Courts consider several factors in evaluating a motion to transfer venue, including "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the

14

weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir.2005); see also McRae v. Perry, No. 211-cv-193, 2012 WL 3886094, at *1 (S.D. Ga. Sept. 6, 2012).

The first step is to determine whether this action could have been brought in the proposed venues, namely: the Middle District of Georgia, the Middle District of Tennessee, the Western District of Tennessee, or the United States Supreme Court. See Ryan v. Red River Hosp., LLC, No. CV419-223, 2019 WL 7000037, at *2 (S.D. Ga. Dec. 19, 2019) (citing Mason v. Smithkline Beecham Clinical Labs., 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001)). This Court has already ruled that the Middle District of Georgia is not a proper venue.[5] See Dkt. Nos. 27 at 1-3, 48. And the Supreme Court is not a proper venue, as the "Kingdom of Y'Israel" is not a nation recognized by the United States government. See "Independent States in the World," https://www.state.gov/independent-states-in-the-world/ (last visited 2 May 2022).

The Tennessee districts present a somewhat closer question, but not by much. While some of the events occurred in the Middle District of Tennessee (those in Houston County) and some occurred

---

[5] That ruling took into account Plaintiffs' argument that the Southern District of Georgia treats pro se litigants unfairly, a conclusion the Court adopts for this motion as well. Dkt. No. 27 at 1-3.

in the Western District of Tennessee (those in Benton County and Carroll County), Plaintiffs' argument in support of transfer is that "[s]ome of the Defendant's [sic] have challenged venue in the Southern District of Georgia as not being proper," and they predict other Defendants will make a similar challenge. Dkt. No. 66 at 2. While such an issue might counsel toward transfer when ruling on those Defendants' challenges, the time to do so is not now. The Court is giving Plaintiffs leave to amend their complaint to remedy the issues explained below, and as such is not ruling on Defendants' challenges to venue at this juncture. Plaintiffs' motion to transfer is thus **DENIED** at this time.[6]

## CONCLUSION

For the reasons stated above, Defendants' motions to dismiss, dkt. nos. 15, 34,[7] 36, 38, 41, 42, 136, 147, 156, 157, are **DENIED**

---

[6] Even considering the nine factors listed in § 1404(a), the Court is not persuaded that the Middle or Western Districts of Tennessee are the better venues for this case. Notably, a number of Defendants reside in the Southern District, namely those involved in the events occurring in McIntosh and Brantley counties. The state law counts allege violations of Georgia law, not Tennessee law, see dkt. no. 1 ¶¶ 262, 274, 282-92, 348. Plaintiffs reside in the Southern District. See id. at 93. And this case has already generated over 200 docket entries, indicating that the interests of trial efficiency will be best served by maintaining this case's venue in the Southern District of Georgia due to this Court's close familiarity with the facts of this case.

[7] Defendant SGMC Youthcare's Motion for Oral Argument, dkt. no. 35, is **DENIED as moot** as a result. Defendant SGMC Youthcare, like all other Defendants, shall have the opportunity to re-urge their motions to dismiss and motions for oral argument after Plaintiffs file their amended complaint.

16

at this time.  Plaintiffs are **ordered to amend** the complaint within **fourteen (14) days** of the date of this Order.  Failure to amend the complaint appropriately within the deadline will result in dismissal.  Plaintiffs' motion to transfer venue, dkt. no. 66, is also **DENIED** at this time.

**SO ORDERED** this 10th day of May, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA